JUDGES' CHAMBERS:
FEDERAL COURT OF AUSTRALIA,
QUEENS SQUARE,
SYDNEY, 2000

The Honorable Mary F. Walrath
United States Bankruptcy Judge
United States Bankruptcy Court for the District of Delaware
824 N. Market Street
Wilmington, DE 19801

Dear Judge Walrath,

**Re: Big Digital Infrastructure Group Inc (ARBN 649 261 861) (in liquidation) (formerly Mawson Infrastructure Group)**

I refer to my letter of 28 August 2026.

I am again writing to request your co-operation and assistance with facilitating the liquidation of Big Digital Infrastructure Group Inc (ARBN 649 261 861) (in liquidation) (formerly Mawson Infrastructure Group) in Australia (**Mawson**).

At a hearing before me on 26 June 2026, counsel acting for Mawson appeared. Counsel submitted that she appeared for the company through one of its directors, being Mr Phillip Stanley, who was "nominated" to be "the person to run this application, effectively".

As you are aware, an order was made on 30 June 2026 requiring that, in particular, Mr Stanley and any other director of Mawson complete and provide to Mr Gray a Report on Company Activities and Property within 7 days. A copy of that Order is attached, although I note that the Order was varied on 13 July 2026 to remove reference to Mr Martin and Mr Hughes.

The 30 June Order was not complied with by the other directors, and has never been complied with. No application has been made to vary, vacate or stay that Order.

On more than one occasion in hearings in Australia, counsel for Mawson has submitted to the effect that Mawson has no assets in Australia.

By contrast, in reply submissions filed on 27 October 2026 in the proceeding in your Court, Mawson submits on page 8 that "if [Mr] Gray liquidates Mawson's Australian assets and Mawson prevails on appeal, there is no clear mechanism to recover them". The relevant page is attached to this letter for your convenience.

This inconsistency by Mawson in its approaches in our respective courts only serves to increase my concern that Mawson is not being forthright about its asset position in Australia, and highlights the importance of the liquidator obtaining information from the directors of the kind which will be provided in the Report.

Provision of the information in the Report will also assist in my determination of whether the liquidation should be terminated, being a course which is pressed by Mawson.

As a consequence of these matters, I made the attached Order today which identifies each of the directors by name, and requires each of them to provide the Report to Mr Gray by 11 November 2026. That Order has been provided to the solicitors who appeared for Mawson, through the "nominated director" Mr Stanley. The names of the directors were in evidence.

I would be pleased to discuss this at any time, and I sincerely appreciate your ongoing assistance to date.

Yours faithfully,

Justice K.E. Downes
Chambers
28 October 2026

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MAWSON INFRASTRUCTURE GROUP, INC. | Case No. 24-12726 (MFW) |
| Alleged Debtor. | Related Adversary No. 25-52482 (MFW) |

**MAWSON INFRASTRUCTURE GROUP, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING APPEAL OF THE SEPTEMBER 30, 2026 ORDER [D.I. 352] VACATING PARAGRAPH 7 OF THE DISMISSAL ORDER**

landlords were "not losing any asset"); *Regal Ware, Inc. v. Glob. Home Prods., LLC* (*In re Glob. Home Prods., LLC*), No. 06-10340, 2006 WL 2381918, at *1–2 (D. Del. Aug. 17, 2006) (prospect of mootness upon closing of § 363 sale did not alone constitute irreparable harm). Here, if Gray liquidates Mawson's Australian assets and Mawson prevails on appeal, there is no clear mechanism to recover them; assets distributed by a foreign liquidator—overwhelmingly to the Petitioning Creditors, Manning, and Manning entities—cannot readily be recovered through this Court. *See supra* Part I.B.1. Individual creditors, too, may have claims admitted and liquidated in Australia only to learn later they never should have been. That is the harm a stay exists to prevent.

**D. The Balance of Harms Favors a Stay.**

Gray identifies only delay as a harm from the stay. Opp. ¶ 40. Delay is not substantial injury—especially where the non-movants did not seek reconsideration within the fourteen days this Court allowed and never affirmatively moved for relief. Motion ¶ 52; *Maloney v. Gordon*, 328 F. Supp. 2d 508, 512 (D. Del. 2004); *St. John v. Affinia Grp., Inc.*, No. 09-2501 (WJM), 2009 WL 1586503, at *3–4 (D.N.J. June 8, 2009) (granting motion to stay pending appeal and finding that "the only harm to [the nonmovant] will be a short although not inconsequential delay," even though the movant's chance of success on appeal was "slim," because the potential harm to the movant without a stay was so great). The creditors that matter to Gray—Marshall, Manning, and W Capital—indemnified him, dominate the claims register, and secured his selection. *See supra* Part I.B.1; Adv. D.I. 116 ¶¶ 147–148. Gray's delay authorities each involved staying an order already moving an estate forward—a trustee's retention of professionals, a confirmed plan, or an approved settlement—not a stay pending a determination of whether a stay-violating appointment may be given effect under U.S. law. *See In re Taub*, No. 08-44210, 2010 WL 3911360, at *4–5 (Bankr. E.D.N.Y. Oct. 1, 2010); *In re F.G. Metals, Inc.*, 390 B.R. 467, 478 (Bankr. M.D. Fla. 2008); *In re*

Federal Court of Australia

District Registry: New South Wales Registry

Division: General No: NSD935/2026

**CAMERON HAMISH GRAY IN HIS CAPACITY AS LIQUIDATOR OF MAWSON INFRASTRUCTURE GROUP INC (IN LIQUIDATION) ARBN 649 261 861** and others named in the schedule
Plaintiff

**MARSHALL INVESTMENTS GCP PTY LTD ACN 655 680 256 ATF THE MARSHALL INVESTMENT MIG TRUST** and others named in the schedule
Defendant

**ORDER**

**JUDGE:** Justice Downes

**DATE OF ORDER:** 30 June 2026

**WHERE MADE:** Brisbane

**PURSUANT TO SECTION 90-15 OF THE *INSOLVENCY PRACTICE SCHEDULE (CORPORATIONS)* (BEING SCHEDULE 2 TO THE *CORPORATIONS ACT 2001* (CTH)), THE COURT ORDERS THAT:**

1. Notwithstanding the orders of the United States Bankruptcy Court for the District of Delaware in case number 24-12726 (MFW) ('US Proceedings') made on 4 November 2025 ('the US Orders'), the plaintiff is justified in proceeding with carrying out the functions, exercising rights and incurring obligations, as required or permitted by the *Corporations Act 2001* (Cth) in his capacity as liquidator of Mawson Infrastructure Group Inc (in liquidation) (ARBN 649 261 861) ('Mawson') in Australia.

2. To the extent it is necessary and in the circumstances of the US Orders and the claims that have been made against the plaintiff in the US Proceedings, the plaintiff is justified in appearing in the US Proceedings to defend claims made against him.

3. The plaintiff is entitled to claim his costs, remuneration and other expenses of the liquidation of Mawson from, and be paid out of, the funds held from indemnities given to the plaintiff for the purpose of the liquidation and the US Proceedings.

SEAL OF THE FEDERAL COURT OF AUSTRALIA

**THE COURT FURTHER ORDERS THAT:**

4. Within seven days, Mr Gregory Martin, Mr Michael Hughes and Mr Philip (or Phillip) Stanley (and any other director of Mawson) shall each complete and provide to the plaintiff a Report on Company Activities and Property for Mawson in accordance with s 475(1) of the *Corporations Act 2001* (Cth) in the prescribed form (Form 507).

5. The application be adjourned to a date to be fixed, with liberty to apply.

6. Mawson pay the costs of the plaintiff, third defendant and interested party of this application.

Date orders authenticated: 30 June 2026

Sia Lagos

Registrar

Note: Entry of orders is dealt with in Rule 39.32 of the *Federal Court Rules 2011*.

**Schedule**

No: NSD935/2026

Federal Court of Australia
District Registry: New South Wales Registry
Division: General

| | |
|---|---|
| Supporting Creditor | JAMES MANNING |
| Interested Person | MAWSON INFRASTRUCTURE GROUP, INC. (IN LIQUIDATION) |
| Second Defendant | MARSHALL INVESTMENTS MANAGEMENT PTY LTD ACN 629 716 034 |
| Third Defendant | W CAPITAL ADVISORS PTY LIMITED IN ITS CAPACITY AS TRUSTEE FOR THE W CAPITAL ADVISORS FUND ACN 614171 078 |

Federal Court of Australia

District Registry: New South Wales Registry

Division: General

No: NSD935/2026

**CAMERON HAMISH GRAY IN HIS CAPACITY AS LIQUIDATOR OF MAWSON INFRASTRUCTURE GROUP INC (IN LIQUIDATION) ARBN 649 261 861** and others named in the schedule
Plaintiff

**MARSHALL INVESTMENTS GCP PTY LTD ACN 655 680 256 ATF THE MARSHALL INVESTMENT MIG TRUST** and others named in the schedule
Defendant

## ORDER

**JUDGE:** Justice Downes

**DATE OF ORDER:** 13 July 2026

**WHERE MADE:** Brisbane

**THE COURT ORDERS THAT:**

1. Order 4 of the Orders dated 30 June 2026 be set aside, insofar as it applies to Mr Gregory Martin and Mr Michael Hughes.

2. The application for an order that Mawson (being Mawson Infrastructure Group Inc (ARBN 649 261 861) which now trades as BigDigital Energy Inc) is to pay costs on a lump sum basis of $84,000.00 on account of the third defendant's costs of the application be adjourned to a date to be fixed.

Date orders authenticated: 13 July 2026

Sia Lagos

Registrar

Note: Entry of orders is dealt with in Rule 39.32 of the *Federal Court Rules 2011*.

Federal Court of Australia

District Registry: New South Wales Registry

Division: General No: NSD935/2026

**CAMERON HAMISH GRAY IN HIS CAPACITY AS LIQUIDATOR OF MAWSON INFRASTRUCTURE GROUP INC (IN LIQUIDATION) ARBN 649 261 861** and others named in the schedule
Plaintiff

**MARSHALL INVESTMENTS GCP PTY LTD ACN 655 680 256 ATF THE MARSHALL INVESTMENT MIG TRUST** and others named in the schedule
Defendant

## ORDER

**JUDGE:** Justice Downes

**DATE OF ORDER:** 28 October 2026

**WHERE MADE:** Sydney

**PENAL NOTICE**

**TO: JOSHUA A. KILGORE, PHILLIP STANLEY, CODY R. SMITH, K. RODGER DAVIS, KYLE B. DANGES, LISA R. HOUGH AND DANIEL J. MORRISON**

**IF YOU (BEING THE PERSONS BOUND BY THIS ORDER):**

**(A) REFUSE OR NEGLECT TO DO ANY ACT WITHIN THE TIME SPECIFIED IN THIS ORDER FOR THE DOING OF THE ACT; OR**

**(B) DISOBEY THE ORDER BY DOING AN ACT WHICH THE ORDER REQUIRES YOU NOT TO DO,**

**YOU WILL BE LIABLE TO IMPRISONMENT, SEQUESTRATION OF PROPERTY OR OTHER PUNISHMENT.**

**ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS YOU TO BREACH THE TERMS OF THIS ORDER MAY BE SIMILARLY PUNISHED.**

SEAL OF THE FEDERAL COURT OF AUSTRALIA

**THE COURT ORDERS THAT:**

1. The Plaintiff's application for directions and to terminate the liquidation of Mawson Infrastructure Group Inc (in liquidation) (ARBN 649 261 861) be adjourned to a date to be fixed, with liberty to apply.

2. By 11 November 2026, each of Joshua A. Kilgore, Phillip Stanley, Cody R. Smith, K. Rodger Davis, Kyle B. Danges, Lisa R. Hough, and Daniel J. Morrison are to comply with order 4 of the Orders dated 30 June 2026.

3. Costs reserved.

**THE COURT NOTES THAT:**

1. The Court shall, by written request under the *UNCITRAL Model Law on Cross-Border Insolvency* (1997), seek assistance from the United States Bankruptcy Court for the District of Delaware to give effect to Order 2 of this Order.

Date orders authenticated: 28 October 2026

Sia Lagos

Registrar

Note: Entry of orders is dealt with in Rule 39.32 of the *Federal Court Rules 2011.*

**Schedule**

No: NSD935/2026

Federal Court of Australia
District Registry: New South Wales Registry
Division: General

| | |
|---|---|
| Supporting Creditor | JAMES MANNING |
| Applicant | GREGORY MARTIN |
| Applicant | MICHAEL HUGHES |
| Interested Person | BIG DIGITAL ENERGY INC. (ARBN 649 261 861) (IN LIQUIDATION) (FORMERLY MAWSON INFRASTRUCTURE GROUP INC.) |
| Second Defendant | MARSHALL INVESTMENTS MANAGEMENT PTY LTD ACN 629 716 034 |
| Third Defendant | ACN 699 523 405 PTY LTD (ACN 699 523 405) AS TRUSTEE FOR THE W CAPITAL ADVISORS FUND ABN 89 229 295 926 |